UNITED STATES of America, David B. Mann, Revenue Agent, Internal Revenue Service, Petitioners,

v.

John B. CHALLMAN, Respondent.

UNITED STATES of America, Michael W. Redford, Revenue Agent, Internal Revenue Service, Petitioners,

v.

William J. KELLEY, Respondent.

Nos. IP 81–485–C, IP 81–488–C.

United States District Court, S. D. Indiana, Indianapolis Division.

July 14, 1981.

Virginia Dill McCarty, U. S. Atty. and Bradley L. Williams, Asst. U. S. Atty., Indianapolis, Ind., for the government.

Dr. Challman, pro se.

MEMORANDUM OF DECISION

DILLIN, District Judge.

These two matters come before the Court on the Government's petitions to enforce Internal Revenue Service summons direct-

ing respondents to produce certain videotape cassettes. Jurisdiction is based on 26 U.S.C. §§ 7402(b) and 7604(a). On July 1, 1981, hearings were held on the Court's orders to show cause why the summons in each case should not be enforced. Respondent John Challman appeared at his hearing without counsel. Respondent William Kelley failed to appear. The Court now rules on both of these matters.

On August 1, 1980, respondent Challman was served with an Internal Revenue Service summons, directing him to produce a videotape cassette recording for examination and copying by the Internal Revenue Service (IRS). Challman was instructed to appear before Revenue Agent Mann on August 15, 1980 and produce the videotape cassette. Challman did not appear and has failed to provide the videotape cassette to the IRS.

On their 1978 joint tax return, Dr. Challman and his wife claimed income tax deductions for depreciation, interest, and distribution expenses and an investment tax credit based on their investment in a videotape cassette recording entitled "America Sings That Good Ole Gospel Music # 5." The Government seeks to obtain the videotape, copy it, and have its appraisers determine the fair market value of the tape in order to evaluate the propriety of the various deductions and credit taken by the Challmans on their 1978 return. The Government investigation is presently limited to determination of any civil tax liability.

The second captioned case involves the same type of dispute. An IRS summons was issued, directing respondent Kelley to produce two videotape cassettes. One of the videotapes appears to be the same tape involved in the first case and is entitled "America Sings That Good Ole Gospel Music." The second videotape is entitled "Music World." Personal service of the summons was had on respondent Kelley on September 26, 1980, directing him to produce the videotapes on October 17, 1980, but Kelley failed to produce them.

The Government seeks to examine and copy the videotapes in order to be able to evaluate the 1978 and 1979 tax liability of respondent Kelley and his wife. On their joint returns for 1978 and 1979, the Kelleys claimed deductions for depreciation, interest, and expenses and an investment tax credit based on their investment in the two videotapes. The Government investigation is presently limited to determination of any civil tax liability.

Respondent Kelley failed to appear for the hearing in person or by counsel. Because he failed to respond to the Government's petition to enforce the summons within the allotted time for such a response, respondent Kelley was defaulted.

Respondent Challman did appear at his hearing but without counsel. The Government moved to default Challman for failure to respond to the summons, citing *United States v. Moll*, 602 F.2d 134 (7 Cir. 1979). The Court overruled this motion and heard evidence and argument on the matter. The Court also raised the question of the applicability of the Fifth Amendment privilege against self-incrimination to the production of the videotape.

█ The first issue is whether the applicable statute includes videotapes within its coverage. The Government may seek judicial enforcement of IRS summons pursuant to 26 U.S.C. § 7402(b), which reads:

"If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."

No court has explicitly held that videotapes are included in the term "other data" and thus are subject to judicial order enforcing a summons to produce; however, one court has summarily enforced a summons directing production of a videotape cassette pursuant to 26 U.S.C. § 7402(b). *United States v. Norton*, 47 AFTR2d 81–1270 (N.D.Cal. 1981).

In addition to *Norton's* implied holding that videotapes fall within the ambit of the phrase "books, papers, or other data" which the court can order produced under 26 U.S.C. § 7402(b), the Court of Appeals for the Seventh Circuit has held that the statute should be broadly construed:

"It should be remembered that that statutory authority, 26 U.S.C. § 7602, which authorizes the Internal Revenue Service to examine any books or records and to cause persons liable for tax and other payments to appear and give testimony, is to be liberally construed in recognition of the vital public purposes served." In re The Special February, 1975 Grand Jury, 652 F.2d 1302 (7 Cir. 1981).

Given this directive and the implied holding in *Norton, supra*, this Court holds that videotapes are within the coverage of 26 U.S.C. § 7402(b) and are subject to judicial order to produce as "other data" under that section.

■ The next issue is whether respondent Challman has a Fifth Amendment right to refuse to turn over the videotape for examination and copying by the IRS. The seminal case regarding the applicability of the privilege against self-incrimination is *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).

In *Fisher*, the United States Supreme Court was faced with the question of whether taxpayers could raise the privilege of self-incrimination to bar production of certain accountant workpapers that the taxpayers had placed with their attorneys. The Court held that the attorney-client privilege would bar production only if the taxpayer would have been able to refuse to produce the documents had they remained in his hands. Thus, the Court turned to whether the taxpayer would have had a Fifth Amendment privilege to refuse to produce the accountant's workpapers if he had them in his possession.

The Court held that the taxpayer had no Fifth Amendment privilege not to produce the workpapers. The Court first noted that while requiring the taxpayer to produce the workpapers involves substantial compulsion, it does not compel oral testimony nor would it force the taxpayer to restate or affirm the truth of the contents of the workpapers. Further, the papers were not prepared by the taxpayer nor did they contain any testimonial declarations by him. Given this lack of forcing any testimony from the taxpayer, the Court held that the Fifth Amendment privilege against self-incrimination did not apply. The Court explained:

"The taxpayer cannot avoid compliance with the subpoena merely by asserting that the item of evidence which he is required to produce contains incriminating writing, whether his own or that of someone else." 425 U.S. at 410, 96 S.Ct. at 1580–81, 48 L.Ed.2d at 55.

The Court went on to deal with the contention that the mere production of the papers has communicative aspects of its own independent of the contents of the papers. The Court concedes that compliance with the subpoena tacitly concedes the existence of the documents demanded and indicates that the taxpayer believes these papers are those described in the subpoena. The question, however, is whether those tacit averments by the taxpayer are testimonial and incriminating for purposes of applying the Fifth Amendment. The Court held that this question could be resolved only on a case-by-case basis but that the facts of this case demonstrated that the tacit averments would not constitute testimonial self-incrimination barred by the Fifth Amendment. The Court explained:

"It is doubtful that implicitly admitting the existence and possession of the papers rises to the level of testimony within the protection of the Fifth Amendment. The papers belong to the accountant, were prepared by him, and are the kind usually prepared by an accountant working on the tax returns of his client. Surely the Government is in no way relying on the 'truthtelling' of the taxpayer to prove the existence of or his access to the documents.... The existence and location of the papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's informa-

tion by conceding that he in fact has the papers. Under these circumstances by enforcement of the summons 'no constitutional rights are touched. The question is not of testimony but of surrender.'" 425 U.S. at 411, 96 S.Ct. at 1581, 48 L.Ed.2d at 56.

The Court upheld the order to produce the workpapers.

In this case, respondent Challman has been served with a summons ordering the production of a videotape cassette. There is no dispute that the IRS is pursuing only a civil investigation and no allegation that this civil investigation is a front for a criminal investigation. Thus, the use of an administrative summons is proper. The only question is whether respondent is able to refuse to produce the cassette because of the Fifth Amendment privilege against self-incrimination.

The reasoning laid out in *Fisher* governs this case. The production of the cassette does not involve testimonial self-incrimination. As was the case in *Fisher*, production of the cassette does not compel oral testimony by respondent nor does it require respondent to comment on the contents of the cassette or admit the truth of any of the deductions or credits taken.

■ It is true that respondent does tacitly aver that the cassette he produces is the cassette which was used by him in figuring his tax liability; however, this tacit averment does not rise to the level of a compelled incriminating statement. Neither the Government nor respondent disputes the existence of the cassette or respondent's possession of it. The Government is not relying on the "truthtelling" of respondent to prove the existence of or his possession of the cassette. As was the case in *Fisher*, the question is not of testimony but of surrender.

In summary, the production of a videotape cassette can be judicially enforced under 26 U.S.C. § 7604(a). Moreover, the production of the cassette by respondent does not implicate the Fifth Amendment privilege against self-incrimination. Therefore, each of the respondents will be directed to produce the requested cassette for inspection and copying by the IRS.