**UNITED STATES of America and Gerald L. McCloskey, Revenue Agent, Internal Revenue Service, Petitioners,**

v.

**Irvin J. SCHENK and Carolyn A. Schenk, Respondents.**

**No. TH 81–237–C.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

Jan. 16, 1984.

Sarah Evans Barker, U.S. Atty., Indianapolis, Ind., Steven Toscher, Trial Atty., Tax Division, U.S. Dept. of Justice, Washington, D.C., for petitioners.

Paul B. Ledford, Vincennes, Ind., for respondents.

## MEMORANDUM ORDER

BROOKS, District Judge.

This case is before the Court on petitioners' motion to enforce summonses served on respondents, Irvin J. Schenk and Carolyn A. Schenk. The respondents, by counsel, objected to the original attempts by the petitioners to gain access to certain material relevant to an investigation by the Internal Revenue Service. The Court enters its order, findings of fact, and conclusions of law in memorandum form, pursuant to Rule 52(a), Federal Rules of Civil Procedure.

### SUMMARY OF FACTS

Petitioners, the United States of America and Internal Revenue Service Agent Gerald L. McCloskey, brought this action to enforce two (2) summonses issued and served upon the respondents. The subject of the summonses was a videotape recording entitled "Willie the Leprechaun" (hereinafter "the video tape") and related documents. The petitioners have averred in a memorandum accompanying the motion considered here that respondents have complied with the submission of records and documents related to the video tape. What the peti-

tioners seek here is access to the video tape itself.

The summonses were issued as part of an investigation into the federal tax liabilities of the respondents. The respondents claimed income tax deductions for depreciation, interest and distribution expenses, and an investment tax credit with respect to an investment in the video tape on their 1979 tax return. The IRS investigation is an attempt to determine whether the investment is an "abusive tax shelter" and whether respondents were entitled to the benefits claimed on the 1979 tax return. The petitioners are pursuing the investigation under two basic theories, according to their memorandum: (1) the respondents may have violated the "at risk" provisions of the Internal Revenue Code of 1954, (hereinafter "the Code") and (2) if the respondents' investment was not undertaken for profit, if it is void of economic substance, or is merely a tax shelter device, the claimed deductions and credits would not be allowable under the Code.

## ANALYSIS

■ For the petitioners to succeed on the motion to enforce summonses, they must first establish a prima facie case as required by *U.S. v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and *U.S. v. Kis, et al.,* 658 F.2d 526 (7th Cir.1981). The steps the petitioners must meet are summarized as follows:

(1) The petitioners must establish the summons was issued for a legitimate purpose.

(2) The petitioners must establish the summoned data is relevant to that legitimate purpose.

(3) The petitioners must establish the data is not already in their possession.

(4) The petitioners must establish that proper administrative steps for issuance and service of the summons have been followed.

See *Powell,* 379 U.S. at 57–58, 85 S.Ct. at 254–255.

■ The burden on the respondents to prove Government wrongdoing is great in these proceedings, more so than the burden on the Government to establish its legitimate purposes in seeking the material. *Kis,* 658 F.2d at 535. The Seventh Circuit has made clear these proceedings are summary in nature occurring "at only the investigative stage of any action against a taxpayer...." *Id.*

The legitimate purpose for which the petitioners seek the video tape is to establish its fair market value. A determination of the fair market value is relevant to the investigation of the propriety of the attempted tax shelter. Obviously, the petitioners need the video tape in order to make that valuation. Among the objections raised by the respondents are fears that submission of the original master tape would endanger their investment. In short, they fear the tape would be lost, damaged, erased, or wrongfully duplicated for marketing—all of which would represent a substantial loss to the respondents. The petitioners have made clear in the papers filed in connection with this case that they are willing to accept a copy of the tape, or will make a copy and turn over the master tape to the respondents in a short time after receipt of the master tape. This concession appears to be a good faith effort by the petitioners to ease the respondents' fear of loss or damage. Further, it is clear the material is not already in the petitioners' possession, else this motion would not be pending before the Court. Finally, it appears to the Court that proper administrative steps were taken in issuing the summonses and serving them on the respondents. Therefore, the Court finds that the petitioners have established a prima facie case as required by *Powell* and *Kis.*

■ The petitioners further argue that the video tape is a "book, record, paper or other data" within the meaning of Section 7602 of the Code. There is a history of liberal interpretation of these provisions in the Code and the summons power wielded by the Internal Revenue Service. See,

*Powell, supra; Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); *United States v. Bisceglia,* 420 U.S. 141, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975); *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *United States v. Euge,* 444 U.S. 707, 100 S.Ct. 874, 63 L.Ed.2d 141 (1980). The Court agrees with the petitioners' contention that the summation of these cases is that a summons is enforceable unless a specific statutory bar to enforcement is found to exist.

The respondents have never contended the video tape was not a relevant part of the petitioners' investigation. It is the subject of the petitioners' investigation and its relevance simply cannot be disputed. The law in this area seems best summarized by the Second Circuit's ruling in *United States v. Davey,* 543 F.2d 996 (1976), cited by the petitioners to support their contention that the video tape should be considered "other data" under Section 7602 of the Code.

> Section 7602 is intended to allow the IRS access to all relevant or material records and data in the taxpayer's possession. It places no limit or condition on the type or form of the medium by which the record subject to the summons is kept and nothing in the language or background of the Section suggests such a limitation was intended. The purpose was to enable the IRS to get at the taxpayer's records, in whatever form they might be kept. *The standard is not the form of the record but whether it might shed light on the accuracy of the taxpayer's returns.*

*Davey,* 543 F.2d at 999 (emphasis added).

 Respondents contend that the video tape is not a record per se, but rather the investment asset itself. The Court understands this distinction but has no hesitance in finding that the video tape is relevant to the petitioners' investigation. The video tape will shed light on the propriety of the credits and deductions taken by the respondents.

Similar cases have been resolved in this Court's own district. Judge Dillin relied on the directive and implied holding of *United States v. Norton,* 47 AFTR2d 81–1270 (N.D.Cal.1981), and the Seventh Circuit's holding in *In re The Special February, 1975 Grand Jury,* 662 F.2d 1232 (1981), in ruling "that videotapes are within the coverage of 26 U.S.C. § 7402(b) and are subject to judicial order to produce as 'other data' under that section." *United States v. Challman,* 520 F.Supp. 64 (1981). The late Judge Holder reached a similar conclusion in *U.S. v. Dunn,* 81–2 USTC ¶ 9801 (S.D.Ind.1981): "The Court finds neither an express statutory prohibition nor a substantial countervailing policy such that it would deny enforcement of the summons." *Id.*

The Court further determines the respondents are in the best position to gain access to the tape. If they wish to submit a copy of the tape to the Government, it appears the petitioners would accede to that act. The Court finds other objections by the respondent regarding fears of loss or damage or of irreparable injury to the right of appellate review to be without merit. If a copy is submitted, it is clear that the petitioners will take into account the generally noticed lesser quality of a copy, as compared to a master tape, in making the fair market value determination.

In light of the foregoing, the Court GRANTS the petitioners' motion to enforce summonses and ORDERS the respondents to make available to the petitioners either the master tape or a reasonable copy thereof of the video tape, "Willie the Leprechaun", forthwith.

IT IS SO ORDERED.